## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jane Denvir, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Purdie & Associates, Inc., | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1.  Plaintiff is a natural person who resided in Oswego, Illinois at all times relevant to this action.

2.  Defendant is a Georgia Corporation that maintained its principal place of business in Atlanta, Georgia at all times relevant to this action.

### JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4.  Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5.  At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7.  The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an alleged financial obligation incurred by Plaintiff for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around July 8, 2010, Defendant's employee telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

13. During this communication, Defendant's employee began the conversation by identifying herself as "Investigator Baker" and stating "We just received a claim in our office against you for check fraud", thus creating the false impression that Plaintiff was under criminal investigation and that Defendant worked in law enforcement.

14. During this communication, "Investigator Baker" went on to say that "they" would move forward with the claim against Plaintiff unless she made an arrangement to pay Defendant that day.

15. At the time of this communication, no claims or charges of check fraud had been initiated against Plaintiff. Rather, Defendant had simply been hired to collect a debt.

16. On or around September 1, 2010, another of Defendant's employee telephoned Plaintiff's residence in connection with the collection of the debt and spoke to Plaintiff's husband.

17. During this communication, Defendant's employee referred to herself as "Investigator Porter".

18. During this communication, Plaintiff's husband informed "Investigator Porter" that Plaintiff had retained an attorney to file bankruptcy and provided her attorney's telephone number, but

"Investigator Porter" replied by falsely representing that a bankruptcy would not resolve the matter and stated that Defendant "does not call attorneys".

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff